**Order entered September 16, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-21-00752-CR

## EX PARTE JOHN NATHANIEL THOMPSON

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80629-2021**

## ORDER

John Nathaniel Thompson has filed a pro se notice of appeal from the trial court's "judgment" entered August 16, 2021. According to the trial court's docket sheet, transmitted by the district clerk with the notice of appeal, the trial court conducted a "bond hearing" on that date and denied a "bond reduction." The docket sheet also shows that on July 22, 2021, appellant filed an application for writ of habeas corpus seeking a bond reduction.[1]

---

[1] Appellant has also filed a notice of appeal in a second case involving the August 16, 2021 bond hearing. In that case, assigned appellate cause no. 05-21-00751-CR, the trial court's docket sheet does not show the filing of a habeas application.

Because it appears from the record before us that the trial court may have considered appellant's habeas application during the August 16, 2021 bond reduction hearing, we will treat this appeal as an accelerated appeal of a ruling on appellant's habeas application unless further development of the record shows otherwise. This is an accelerated appeal and is governed by Texas Rule of Appellate Procedure 31.

We **ORDER** the trial court to prepare a certification of appellant's right to appeal and to file it with the clerk's record.

We **ORDER** the Collin County District Clerk to file the clerk's record by **October 1, 2021**. We **ORDER** that the clerk's record contain copies of the indictment, any documents relating to pretrial bail or bond conditions, the application for writ of habeas corpus, any response to the writ application filed by the State, any other documents related to the writ application, the trial court's order ruling on the writ application, any findings of fact on the writ application that the trial court has entered, the trial court's certification of the right to appeal, and any other documents filed with the clerk that the parties request.

We **ORDER** the court reporter to file, by **October 1, 2021**, either the reporter's record of the hearing on the writ application or written verification that no hearing was conducted on the writ application.

We **ORDER** appellant to file his brief, if any, within **FOURTEEN DAYS** of the filing of the record. We note that the docket sheet filed with appellant's notice of appeal does not appear to reflect the filing of a final, written order ruling on appellant's habeas application. If no written order appears in the clerk's record, appellant is **FURTHER ORDERED** to explain in his brief the basis for the Court's jurisdiction over the appeal. If no final, written order is submitted by the end of the briefing period and appellant does not explain satisfactorily the basis for the Court to exercise jurisdiction, the Court may, without further notice, dismiss the appeal for want of jurisdiction.

We **ORDER** the State to file its response brief, if any, within **FOURTEEN DAYS** of the filing of appellant's brief.

If briefs are not timely filed by the due date, the Court will order the case submitted without briefing. After the record and any briefs have been filed, the Court will notify the parties of the submission date and panel.

We **DIRECT** the Clerk to send copies of this order to the Honorable Jennifer Edgeworth, Presiding Judge, 219th Judicial District Court; Tonya Lebo, official court reporter, 219th Judicial District Court; Lynne Finley, Collin County District Clerk; John Nathaniel Thompson, pro se appellant; Steven H. Miller,

appointed trial counsel; and Greg Willis, Collin County District Attorney.

/s/    LANA MYERS
       JUSTICE